IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HOBBY LOBBY STORES, INC., | ) |
| Petitioner, | ) |
| v. | ) Case No. 4:18-cv-01497 |
| VICTORIA VILA, | ) |
| Respondent. | ) |

**PETITION TO COMPEL ARBITRATION AND FOR RELATED INJUNCTIVE RELIEF**

Pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.*, Petitioner Hobby Lobby Stores, Inc. ("Hobby Lobby") files this Petition to Compel Arbitration and for Related Injunctive Relief against Respondent Victoria Vila ("Respondent"). In support of its Petition, Hobby Lobby alleges as follows:

**NATURE OF ACTION**

1. Hobby Lobby brings this Petition pursuant to Section 4 of the Federal Arbitration Act, 9 U.S.C. § 4, seeking to compel Respondent to submit to arbitration claims arising out of and related to her employment with Hobby Lobby, as required by the valid and enforceable arbitration agreement she entered into with Hobby Lobby. *See* Exhibit A, Mutual Arbitration Agreement. Hobby Lobby also brings this Petition pursuant to Federal Rule of Civil Procedure 65, the Anti-Injunction Act, 28 U.S.C. § 2283, and the All Writs Act, 28 U.S.C. § 1651(a), seeking to enjoin Respondent from further pursuing claims brought in contravention of her arbitration agreement, including but not limited to the lawsuit she filed with another individual in the Circuit Court of St. Charles County, Missouri, captioned *Jaqueline Bachmann [sic] and Victoria Villa [sic] v. Hobby Lobby Stores, Inc. et al.*, Case No. 1811-CC00609 (hereafter referred to as the "State Court Action"). *See* Exhibit B, Petition.

**PARTIES**

2.     Petitioner Hobby Lobby is a corporation incorporated in Oklahoma and maintains its principal place of business in Oklahoma City, Oklahoma. Pursuant to 28 U.S.C. § 1332(c)(1), Hobby Lobby is a citizen of Oklahoma.

3.     Respondent Victoria Vila ("Vila") is an individual residing in St. Charles County, Missouri, and, upon information and belief, is a citizen of Missouri.

**JURISDICTION AND VENUE**

4.     This Court has diversity jurisdiction over this case under 28 U.S.C. § 1332, which requires that the parties to the controversy be citizens of different states and the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a)(1).

5.     The parties are citizens of different states because Respondent is a citizen of Missouri, while Hobby Lobby is a citizen of Oklahoma.

6.     The amount in controversy exceeds $75,000 because based on a good faith estimate of the value of the claims asserted in Respondent's State Court Action Petition – without making any admissions as to the merits thereof – Respondent claims damages exceeding $75,000.

7.     Specifically, Respondent's State Court Action Petition alleges numerous counts against Hobby Lobby under the Missouri Human Rights Act ("MHRA") and under Missouri common law seeking compensatory damages (for lost salary, benefits, other monetary losses, and emotional distress), damages for "great pain of mind and body," physical manifestations of emotional distress, punitive damages, as well as attorneys' fees and costs. *See* Exhibit B, Petition at "WHEREFORE" Paragraphs pp. 42, 44, 46, 48, 49, 51, 53, 54.

8.     The MHRA allows for potential recovery of lost wages, front wages, compensatory damages, punitive damages, and attorneys' fees. *See* Mo. Rev. Stat. § 213.111.2. Courts consider

compensatory damages, punitive damages, and attorneys' fees in determining whether the amount in controversy exceeds $75,000. *Allison v. Sec. Ben. Life Ins. Co.,* 980 F.2d 1213, 1215 (8th Cir. 1992); *Capital Indem. Corp. v. Miles*, 978 F.2d 437, 438 (8th Cir. 1992).

9. Further, awards for prevailing plaintiffs under the MHRA have exceeded $75,000. *See, e.g.*, *McCrainey v. Kan. City Mo. Sch. Dist.*, Jackson County, Mo., Case No. 0816-CV14847 (November 2010 jury awarded $362,000 on plaintiff's employment discrimination claim); *Eickhoff v. Union Pac. R.R. Co.*, Jackson County, Mo., Case No. 0816-CV20813 (October 2009 jury awarded $1,390,000 on plaintiff's employment discrimination claim); *Gorker v. Kan. City Mo. Sch. Dist.*, Jackson County, Mo., Case. No. 04CV200068 (August 2005 jury awarded $310,000 on plaintiff's employment discrimination claim); *Rodgers v. Wolf*, 2006 WL 335716, at *3 (E.D. Mo. Feb. 14, 2006) (court can consider relevant jury verdicts in determining whether damages are likely to exceed $75,000).

10. Further, if Respondent were to prevail at arbitration, it is likely that an attorneys' fee award alone would exceed $75,000. *See Campos v. City of Blue Springs, Mo.*, 289 F.3d 546, 553 (8th Cir. 2002) ($79,238.70 in attorneys' fees awarded to prevailing plaintiff in discriminatory discharge case); *Ross v. Kansas City Power & Light Co.*, 293 F.3d 1041, 1052 (8th Cir. 2002) ($168,551.78 in attorneys' fees and $14,700.79 in costs); *Kline v. City of Kansas City, Mo. Fire Dept.*, 245 F.3d 707, 708 (8th Cir. 2001) ($277,900 in attorneys' fees).

11. Jurisdiction is also proper pursuant to 9 U.S.C. §§ 1, 2, 3, and 4.

12. Venue is proper in this Court because Respondent is located in and a substantial part of the events giving rise to this claim occurred in the Eastern District (including, but not limited to, Respondent's filing of the State Court Action in the Circuit Court of St. Charles County, Missouri). 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

13. Hobby Lobby maintains an arbitration agreement, also called a Mutual Arbitration Agreement applicable to its applicants and employees. All Hobby Lobby employees are required to enter into the Mutual Arbitration Agreement as a condition of employment.

14. Hobby Lobby currently employs Vila. On July 30, 2015, Vila signed the Mutual Arbitration Agreement, acknowledging she had read the agreement and consented to its terms and conditions, including an agreement to resolve any future employment-related dispute through arbitration on an individualized basis, not in court. *See* Exhibit A.

15. The Mutual Arbitration Agreement signed by Vila and Hobby Lobby provides in relevant part:

> *"[Y]ou and the Company agree binding arbitration is the sole and exclusive means to resolve all disputes that may arise out of, or be related to, your employment with the Company …. You and the Company each specifically waive and relinquish the respective right to sue each other in a court of law*, and this waiver shall be equally binding on any person who represents or seeks to represent you or the Company in a lawsuit against the other …."
>
> "[T]his Agreement to arbitrate applies to any dispute, demand, claim, complaint, controversy, cause of action, or suit (as applicable, a "Dispute") arising under or involving any federal, state, or local law, statute, regulation, code, ordinance, rule, common law, or public policy … that in any way … relates to your … employment with the Company, compensation, or termination of employment with the Company."
>
> Covered Disputes include claims for "sexual harassment, harassment and/or discrimination based on any class protected by law, retaliation, … and/or any other employment-related Disputes based in tort, contract, or any other nature or theory[.]"
>
> "This Agreement is made in consideration for … the mutual agreement to arbitrate as provided in this Agreement."
>
> "To the maximum extent permitted by Law and except as otherwise set forth in this Agreement, the arbitrator selected by the parties shall administer the arbitration according to the Employment Arbitration Rules (or successor rules) of the [American Arbitration Association]."
>
> "Knowledge and Consent. BY THEIR SIGNATURES BELOW, SUBJECT TO THE PROVISIONS ABOVE, *BOTH PARTIES* ACKNOWLEDGE THEY HAVE READ THIS

4

AGREEMENT, *ARE GIVING UP ANY RIGHT THEY MIGHT HAVE AT ANY POINT TO SUE THE OTHER IN COURT*, ARE WAIVING ANY RIGHT TO A JURY TRIAL, AND ARE KNOWINGLY AND VOLUNTARILY CONSENTING TO ALL TERMS AND CONDITIONS SET FORTH IN THIS AGREEMENT."

*See* Exhibit A (emphasis added).

16.  The Mutual Arbitration Agreement is a valid and binding arbitration agreement. Under the Mutual Arbitration Agreement, employment-related disputes must be resolved through binding arbitration. The Parties agreed they did not waive any substantive legal rights under applicable law; rather, they merely agreed to change the forum for resolving claims or disputes, such that their disputes would be presented to an arbitrator instead of a court.

17.  Despite entering into the Mutual Arbitration Agreement with Hobby Lobby, on June 19, 2018, Respondent (along with another individual) filed the State Court Action in the Circuit Court of St. Charles County, Missouri, alleging 11 claims under Missouri common law and the Missouri Human Rights Act, all of which directly arise from her employment with Hobby Lobby. *See* Exhibit B. The State Court Action also named Larry Simms as an individual defendant who violated Missouri common law and the Missouri Human Rights Act relative to Respondent's employment with Hobby Lobby. As such, all of Respondent's claims in the State Court Action fall squarely within the scope of the Mutual Arbitration Agreement, and her failure to submit such claims to arbitration is a direct violation of the Mutual Arbitration Agreement.

18.  Prior to the filing of the State Court Action, in-house counsel for Hobby Lobby spoke with counsel for Respondent, who indicated Respondent did not believe the Mutual Arbitration Agreement was enforceable. To date, Respondent has not complied with her obligations under the Mutual Arbitration Agreement, which requires that she submit to arbitration her claims arising from her employment with Hobby Lobby.

5

## COUNT I – PETITION TO COMPEL ARBITRATION

19. Hobby Lobby incorporates the preceding paragraphs as if fully set forth here.

20. The Mutual Arbitration Agreement entered into between Respondent and Hobby Lobby is a valid and enforceable arbitration agreement that covers Respondent's claims in the State Court Action.

21. Respondent refused to submit her claims to arbitration and instead filed such claims in the State Court Action.

22. This Court is permitted to compel arbitration. The Federal Arbitration Act, 9 U.S.C. § 4, allows Hobby Lobby to petition this Court for an order directing Respondent to proceed to arbitration in the manner provided for in the Mutual Arbitration Agreement.

23. Hobby Lobby therefore asks this Court to compel Respondent to submit to arbitration all claims arising out of or related to her employment with Hobby Lobby, including the claims asserted in the State Court Action, in the manner provided for in the Mutual Arbitration Agreement.

## COUNT II – PETITION FOR INJUNCTIVE RELIEF

24. Hobby Lobby incorporates the preceding paragraphs as if fully set forth here.

25. This Court is also permitted to grant injunctive relief related to arbitration. *See* Fed. R. Civ. P. 65; Anti-Injunction Act, 28 U.S.C. § 2283 (federal court may stay state court proceedings if authorized by law, necessary to aid jurisdiction, effectuate its judgments); All Writs Act, 28 U.S.C. § 1651(a) (federal court "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law"); Federal Arbitration Act, 9 U.S.C. § 3 (permitting court to stay proceedings pending arbitration).

26. Respondent is pursuing the State Court Action in contravention of the valid and

enforceable Mutual Arbitration Agreement. Hobby Lobby will suffer irreparable harm unless the State Court Action is stayed, and Respondent is compelled to arbitrate her claims in the State Court Action pursuant to the requirements of the Federal Arbitration Act.

27. Hobby Lobby therefore asks this Court to grant injunctive relief in aid of arbitration and enjoin Respondent from further pursuing her claims in the State Court Action, which is necessary to protect the integrity of the Court's jurisdiction and any final judgment on the issue of arbitration.

WHEREFORE, Petitioner Hobby Lobby Stores, Inc. respectfully asks the Court to:

(1) enter an order and judgment compelling Respondent to submit to arbitration all claims arising out of or related to her employment with Hobby Lobby, including the claims asserted in the State Court Action;

(2) enter an order staying all proceedings in and enjoining Respondent from further pursuing the State Court Action;

(3) enter an order staying all proceedings in this Action pending an award or decision from the Arbitrator;

(4) award Hobby Lobby its attorneys' fees and costs in bringing this action; and

(5) order any further relief the Court deems appropriate.

Respectfully submitted,

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

/s/ René L. Duckworth   _____
René L. Duckworth, MO #62070
7700 Bonhomme Avenue, Suite 650
St. Louis, MO 63105
Telephone:  314.802.3935
Facsimile:  314.802.3936
rene.duckworth@ogletree.com

Attorney for Petitioner

CERTIFICATE OF SERVICE

I hereby certify that on September 6, 2018, the foregoing was electronically filed with the court and a copy was served via electronic mail to:

Shannon L. Norman
SHANNON NORMAN LAW, LLC
819 Mid Rivers Mall Drive
St. Peters, MO 63376

Attorney for Respondent
Victoria Vila

/s/ René L. Duckworth   _____
Attorney for Petitioner

35504892.1

8