UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HOBBY LOBBY STORES, INC., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Cause No: 4:18 CV 1497 RWS |
| ) | |
| VICTORIA VILA, ) | |
| ) | |
| Respondent. ) | |

# MEMORANDUM AND ORDER

I ordered Plaintiff Hobby Lobby to show cause why I should not dismiss this case for improper claim splitting. [No. 12]. Hobby Lobby seeks an order compelling arbitration and enjoining defendant Victoria Vila from pursuing her state court claims of sexual harassment, assault and battery, negligent hiring, and retaliation, among other claims. Improper claim splitting normally prevents a state court defendant from filing a federal case based on the same facts and events. However, state court defendants can bring "piecemeal litigation" "when necessary to give effect to an arbitration agreement." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 20 (1983). As a result, I have jurisdiction to consider Hobby Lobby's motion to compel arbitration, and I will set a briefing schedule on that motion.

1

## BACKGROUND

Victoria Vila and Jaqueline Bachmann allege that they were harassed and assaulted by their supervisor Larry Simms at the Hobby Lobby store at 4033 Veterans Memorial Parkway in Saint Peters, Missouri. On June 19, 2018, they filed a state law case with these allegations, bringing eight claims each against Hobby Lobby and three claims each against Simms. On September 6, 2018, Hobby Lobby filed this case against Vila and a second case against Bachmann, each seeking to compel arbitration of the same dispute. Hobby Lobby represents that Vila and Bachmann are citizens of the state of Missouri. Hobby Lobby also represents that it is a corporation incorporated and with its principal place of business in Oklahoma, and that the amount of controversy in this case exceeds $75,000. On December 13, 2018, Vila filed her answer to Hobby Lobby's complaint in the case before me.

On December 18, 2019, I ordered Hobby Lobby to show cause why I should not dismiss its case against Vila for improper claim splitting. In its response, Hobby Lobby identified Supreme Court and Eighth Circuit precedent allowing parties to bring "piecemeal litigation" in federal courts under the Federal Arbitration Act "when necessary to give effect to an arbitration agreement." See Id.; Northport Health Servs. of Arkansas, LLC v. Rutherford, 605 F.3d 483, 491 (8th Cir. 2010). Hobby Lobby identified the non-diverse defendant as "Simms, a Missouri resident." (No. 16). Hobby Lobby did not identify the citizenship of Simms, nor submit any

2

other filings which identify Simms' state of citizenship. Plaintiff Vila did not submit a reply concerning my show cause order.

## LEGAL STANDARD

I have jurisdiction "to entertain a petition to compel arbitration" if I would otherwise have jurisdiction "over a suit rising out of the controversy between the parties, " "save for [the arbitration] agreement" Vaden v. Discover Bank, 556 U.S. 49, 52 (2009) (citing 9 U.S.C. § 4) (internal quotes omitted). When determining if I have diversity jurisdiction, I must "strictly construe" the diversity of the parties and the amount in controversy. Janzen v. Goos, 302 F.2d 421, 424 (8th Cir. 1962). I only have diversity jurisdiction if the citizenship of each plaintiff is different from the citizenship of each defendant. Caterpillar, Inc. v. Lewis, 519 U.S. 61, 68 n. 3 (1996).

## ANALYSIS

Although the presence of a non-diverse party destroys diversity jurisdiction, in Federal Arbitration Act cases, I should evaluate diversity by examining only the citizenship of parties to the arbitration agreement. Moses H. Cone, 460 U.S. 1, 20 (1983). Hobby Lobby has produced an arbitration agreement signed by Vice President Peter M. Dobelbower and by Plaintiff Victoria Vila, but not by Simms. [No. 1-1]. The arbitration agreement purports to cover disputes between Vila and Hobby Lobby, but does not discuss disputes Vila may have with other individuals employed by Hobby Lobby. As a result, when determining diversity jurisdiction, I

3

should evaluate the citizenship of Hobby Lobby and Vila. See Moses H. Cone, 460 U.S. at 20. Hobby Lobby represents that Vila is a citizen of the state of Missouri and Hobby Lobby is a citizen of the state of Oklahoma. As a result, I have jurisdiction over Hobby Lobby's motion to compel under 28 U.S.C. 1332.

Accordingly,

**IT IS HEREBY ORDERED** that Vila may file a response to Hobby Lobby's motion to compel no later than **March 22, 2019**.

**IT IS FURTHER ORDERED** that Hobby Lobby may file a reply no later than **April 5, 2019**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of February, 2019.